IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:  )  <br> ) <br> Delfasco, Inc.,  ) <br> ) <br> Debtor.  ) <br> ) | Chapter 11 <br><br> Case No. 08-11578 (MFW) |
| ) <br> United States of America,  ) <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> Delfasco, Inc.  ) <br> ) <br> Defendant.  ) <br> ) | Adv. Pro. No. 08-51878 (MFW)) |

**OBJECTION OF DELFASCO, INC. TO MOTION FOR MANDATORY
WITHDRAWAL OF REFERENCE ON ALL ISSUES RELATING TO THE UNITED
STATES' ADVERSARY COMPLAINT**

Delfasco, Inc., the defendant in the above captioned adversary proceeding ("Delfasco"), by and through its undersigned counsel, hereby objects (the "Objection") to the Motion for Mandatory Withdrawal of Reference on all Issues Relating to the Unites States' Adversary Complaint [D.I. 4] ("Motion to Withdraw") filed by the United States of America on behalf of the Environmental Protection Agency ( the "EPA"), and in support of its objection, states as follows:

## BACKGROUND

1.  Delfasco filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), dated July 28, 2008.

Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Delfasco continues to manage and operate its properties as debtor in possession.

2. On or about December 15, 2008, the United States of America, on behalf of the EPA, commenced an adversary proceeding against Delfasco seeking declaratory judgment, injunctive relief, and the payment of civil penalties pursuant to the Declaratory Judgment Act and RCRA [D.I. 1]. Subsequently, the EPA filed the Motion to Withdraw on December 19, 2008, to which Delfasco now objects.

## **OBJECTION**

3. When filing a motion for withdrawal of a reference from the Bankruptcy Court, the movant must comply with the provisions of Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In relevant part, Rule 5011-1 provides: "The movant shall *concurrently* file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core" ("Motion to Determine Core Status"). Del. Bankr. L.R. 5011-1 (emphasis added).

4. In the matter *sub judice*, the EPA has failed to comply with Local Rule 5011-1 in that it failed to file or serve a Motion to Determine Core Status. Because the EPA has failed to comply with Local Rule 5011-1, the Motion to Withdraw is procedurally improper and Delfasco need not file a responsive pleading at this time. See Mellon v. Del. & Hudson R.R. (In re Del. & Hudson R.R.), 122 B.R. 887, 892 (D. Del. 1991) ("Thus, the Court concludes that before a withdrawal of reference motion is presented to the District Court, the bankruptcy judge must

2

make the determination of whether proceedings are core or non-core."). A copy of the adversary docket sheet as of January 12, 2009 is attached as Exhibit A to this Objection.

### RESERVATION OF RIGHTS

5.　　Delfasco fully preserves and reserves each and all of its rights as against the EPA in connection with the Motion to Withdraw. Nothing in this Objection should be interpreted as a waiver of rights by Delfasco to fully object and raise any opposition to any subsequently filed Motion to Determine Core Status as well as the Motion to Withdraw.

### CONCLUSION

WHEREFORE, for the reasons set forth above, Delfasco respectfully requests that the Court enter an order: (i) compelling the EPA to comply with the provisions of Local Rule 5011-1; (ii) finding that all of Delfasco's rights in connection with the Motion to Withdraw are fully preserved and reserved and that Delfasco need not respond to the Motion to Withdraw until the provisions of Local Rule 5011-11 have been satisfied; (iii) providing that Delfasco shall have the time allotted pursuant to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the

United States District Court for the District of Delaware to respond to any motion filed by the EPA pursuant to Local Rule 5011-1; and (iv) granting such other and further relief as is just and proper.

Dated: Wilmington, Delaware
January 12, 2009

POTTER ANDERSON & CORROON LLP

_____
Steven M. Yoder (No. 3885)
Theresa V. Brown-Edwards (No. 4225)
Gabriel R. MacConaill (No. 4734)
Hercules Plaza, Seventh Floor
1313 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192

*Counsel for Debtor and Debtor in Possession*